Bethel, Justice, concurring.
I concur fully in the decision of the Court to vacate the judgment and remand the case. I write separately to emphasize the erroneous nature of the State's closing argument wherein the State suggested to the jury that reasonable doubt is less than 51% - functionally less than a preponderance of the evidence.
Proof beyond a reasonable doubt is the highest standard of proof recognized in our system of jurisprudence. While it is true that there is no mathematical component to the standard, that description is better understood as preventing the bar from being raised too high rather than permitting the bar to be lowered. The State's closing argument invited the jury to apply a significantly lower standard, which is repugnant to our system of criminal justice and its requirement of proof beyond a reasonable doubt to support a conviction. Indeed, under the State's proffered paradigm, if the jury thought it was equally possible that Albert acted to harm McKenzy as it was that Ashley had done so, then the jury was authorized to convict both Albert and Ashley. But if two causes of an outcome are equally likely, neither *138 has been proved beyond a reasonable doubt.